Gregory J. Sanders, USB No. 2858
Sarah C. Vaughn, USB No. 14615
KIPP AND CHRISTIAN, P.C.
Attorney for Defendants
10 Exchange Place, 4th Floor
Salt Lake City, Utah    84111
gjsanders@kippandchristian.com
svaughn@kippandchristian.com
Telephone:   (801) 521-3773

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN ANTHONY LEOBACH and VALERIE B. LOEBACH,   AND HEIRS OF M.L., a minor, deceased,<br><br>Plaintiff,<br><br>v.<br><br>DIAMOND RANCH ACADEMY, a corporation<br><br>Defendants. | Civil No. 2:16-CV-00252-BCW<br><br><br><br>**AMENDED ANSWER OF DEFENDANT**<br><br>Discovery Tier 3 |

Defendant, by and through counsel, hereby answers the complaint of plaintiff as follows:

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The following responses correspond numerically to the allegations of the complaint:

1.-3.     Admitted subject to discovery showing otherwise.

4.         Admitted

      5.-6.     Admitted.

      7.     Admitted with the addition that the school is licensed to treat people older than 18 years of age.

      8.     Admitted.

      9.     Admitted.

      10.     Admitted M.L. was 16 years old and had mental health issues. The allegation is otherwise denied.

      11.     Admitted that suicide attempts were reported. Otherwise denied for insufficient information.

      12.-13.     Denied for insufficient information.

      14.     Admitted.

      15.     Admitted.

      16.     Denied.

      17.     Admitted consistent with published material. Otherwise denied as vague.

      18.     Denied.

      19.     Denied.

      20.     Admitted.

      21.     Admitted only that the manual contains that statement. Denied that it is relevant here where M.L. did not complete the programs and the parents were not supportive.

      22     Admitted.

      23.     Admitted only that he was enrolled. The allegation is otherwise denied for

insufficient information.

24. Admitted that Valarie Loebach gave a summary including mention of M.L.'s suicide attempts. However, the summary downplayed the suicide attempts as not having been done with intent to die but as a cry for help. In fact, Loebach stated in the summary that the parents wanted to enroll M.L. not because of suicide attempts but because he ran away from home.

25. Admitted so far as consistent with the evaluation record.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Denied.

31. Denied.

32. Admitted only that M.L. attended a rally. The allegation is otherwise denied.

33. Admitted that he entered his bedroom. Denied that he was unsupervised.

34. Denied for insufficient information.

35. Admitted.

36.-38. These allegation confuse timing and the identities of the persons involved in the scene described. It is admitted that a staff member looked in the bathroom briefly and then sought assistance. The remainder of the allegations are denied as inaccurate.

39. Denied as to timing. The allegation is otherwise admitted.

40. Denied.

41. Denied.

42. Admitted.

43. The responses to allegations numbered one through 42 are incorporated herein.

44. Denied.

45. Admitted so far as consistent with applicable law.

46. Admitted.

47. Denied in that plaintiffs wrongfully assume here that the mental condition of M.L. was static.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. The responses to allegations numbered 1 through 53 are incorporated herein.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. The response to allegations numbered 1 through 58 are incorporated herein.

60. Admitted so far as consistent with applicable law.

61. Admitted so far as consistent with applicable law.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

### THIRD DEFENSE

The fault of all persons whose acts or failure to act contributed to the alleged injuries of the plaintiff should be compared and allocated including any act or failure to act of the plaintiff.

### FOURTH DEFENSE

Notice is hereby given pursuant to DUCivR 9-1 that defendant seeks to allocate fault to the person described in the complaint as "M.L". The factual and legal basis upon which fault can be allocated is that M.L. was of sufficient age and, despite having mental health issues, was able to comprehend the nature of the act of suicide and elected to commit that act as a conscious choice

### FIFTH DEFENSE

The plaintiff allegations of wrongdoing by the defendant, if assumed to be accurate, only present on opportunity for M.L. to act. They are not actual causes of the suicide. The actual cause of the suicide are the mental health issues of M.L. including the extraordinarily poor

relationship with his parents to whom fault should be allocated.

### SIXTH DEFENSE

The suicide of M.L. was a deliberate conscious act on the part of M.L. whose mental health issues did not prevent him from appreciating the nature and seriousness of that act. Consequently, any resulting claim has been waived, barred, or estopped by the deliberate decision made by M.L.

### SEVENTH DEFENSE

From the discovery of M.L. to the time he was taken down made no medical difference. Plaintiffs fail to state a claim.

### EIGHTH DEFENSE

To the extent M.L. concealed suicidal ideation from therapists and staff of the defendant such concealment is another form of bar, waiver, or estoppel of the claims made.

### NINTH DEFENSE

M.L. in his suicide note made statements that were consistent with his continuing expression of estrangement with his parents and constitutes a known and conscious waiver of any benefit to his parents from his passing, including the claim now asserted.

### TENTH DEFENSE

Any allegation not specifically admitted is denied.

**WHEREFORE,** defendant asks this court to enter judgment of no cause of action upon the complaint of the plaintiffs and to award the defendant such costs and attorney's fees incurred in defense of this action as may be appropriate in law and in fact.

**DATED** this 26th day of April, 2016,

                                  KIPP AND CHRISTIAN, P.C.


                                  */s/ Gergory J. Sanders*
                                  GREGORY J. SANDERS
                                  SARAH C. VAUGHN
                                  Attorneys for Defendants

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of April, 2016, a true and correct copy of the foregoing **AMENDED ANSWER OF DEFENDANT** was e-filed and sent to the following:

> David R. Olsen
> Timothy M. Simmons
> Charles T. Conrad
> DEWSNUP, KING, & OLSEN
> 36 South State Street, Suite 2400
> Salt Lake City, Utah 84111--0024

        /s/ Cheryl Browning